UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

RAMON BOYCE, *et al.*,

    Plaintiffs,

vs.

CITY HALL FOR SPRINGFIELD, OHIO, *et al.*,

    Defendants.

Case No. 3:19-cv-181

District Judge Walter H. Rice
Magistrate Judge Michael J. Newman

_____

**REPORT AND RECOMMENDATION[1] THAT THE COMPLAINT: (1) BE STRICKEN AS TO PLAINTIFFS ALYSHIA COOK, SHAQUEETA TERRELL, AND QUIANA BOYCE; AND (2) REMAIN PENDING AS TO PLAINTIFF RAMON BOYCE**

\*\*\*

**ORDER THAT SERVICE OF PROCESS ISSUE BY THE U.S. MARSHAL, ALONG WITH A COPY OF THIS ORDER, WITH REGARD TO CLAIMS ASSERTED BY PLAINTIFF RAMON BOYCE ONLY**
_____

This *pro se* civil case is before the Court for a *sua sponte* review of the complaint filed by Plaintiffs Ramon Boyce, Alyshia Cook, Shaqueeta Terrell, and Quiana Boyce pursuant to 28 U.S.C. § 1915(e)(2). Doc. 3. In accordance with 28 U.S.C. §1915(e)(2), this Court must perform an initial review of the instant action. *McGore v. Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir. 1997). Upon review, the Court must dismiss any case it determines is "frivolous or malicious," fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

While *pro se* pleadings are "to be liberally construed" and are "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*), *pro se* plaintiffs must still satisfy basic pleading requirements. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Specifically, the complaint "must contain sufficient factual matter, accepted as true, to

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ogle v. Columbia Gas Transmission, LLC*, 513 F. App'x 520, 522 (6th Cir. 2013). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 at 678 (citing *Twombly*, 550 U.S. at 556); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (applying the *Iqbal* and *Twombly* standards to a § 1915 review).

Upon the filing of this action, the undersigned issued an Order granting *in forma pauperis* status to Plaintiff Ramon Boyce. Doc. 2. Then noting that Ramon Boyce was the only *pro se* Plaintiff who signed the complaint in this case, the Court ordered Plaintiffs to file an amended complaint signed by all of them. *Id.* The Court then also advised Plaintiffs, pursuant to Rule 11, that it would strike the complaint as to those Plaintiff who failed to sign the pleading. Doc. 2. No amended complaint has been filed and, therefore, the undersigned **RECOMMENDS** that the Court **STRIKE** the complaint as to Plaintiffs Cook, Terrell, and Quiana Boyce.

Because Plaintiff Ramon Boyce signed the complaint, it should not be stricken as to him. Having conducted an initial review, the Court finds that dismissal of Ramon Boyce's claims under 28 U.S.C. § 1915 is not warranted at this early stage of the litigation. Upon the receipt of the required forms necessary to effectuate service of process, the U.S. Marshal is **ORDERED** to serve Defendants with the summons, complaint, and a copy of this Order. The Court **NOTIFIES** *pro se* Plaintiff of his duty to ensure that appropriate service of process is completed on each Defendant within 90 days from the date of this Order, and that failure to do so may result in the dismissal of this case without prejudice. *See* Fed. R. Civ. P. 4(m).

Date:  July 26, 2019　　　　　　　　　　　　　　s/ Michael J. Newman　　　　　
                                                                          Michael J. Newman
                                                                          United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).