UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

RAMON BOYCE, *et al.*,

    Plaintiffs,

vs.

CITY HALL FOR SPRINGFIELD, OHIO, *et al*.,

    Defendants.

Case No. 3:19-cv-181

District Judge Walter H. Rice
Magistrate Judge Michael J. Newman

_____

**REPORT AND RECOMMENDATION[1] THAT: (1) THIS CASE PROCEED ON THE FOURTH AMENDMENT CLAIMS OF RAMON BOYCE AND QUIANA BOYCE AGAINST DEFENDANTS PEABODY AND FADER ONLY; (2) ALL OTHER CLAIMS ASSERTED IN THE COMPLAINT BE DISMISSED; (3) PLAINTIFFS TERRELL AND COOK BE TERMINATED AS PARTIES TO THIS ACTION; (4) ALL DEFENDANTS OTHER THAN PEABODY AND FADER BE TERMINATED AS PARTIES TO THIS ACTION; AND (5) SERVICE ISSUE AS TO DEFENDANTS PEABODY AND FADER ONLY**
_____

This *pro se* civil case is before the Court for a *sua sponte* review of the amended complaint filed by Plaintiffs Ramon Boyce, Alyshia Cook, Shaqueeta Terrell, and Quiana Boyce pursuant to 28 U.S.C. § 1915(e)(2). Doc. 7. In accordance with 28 U.S.C. §1915(e)(2), this Court must perform an initial review of the instant action. *McGore v. Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir. 1997). Upon review, the Court must dismiss any case it determines is "frivolous or malicious," fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A complaint should be dismissed as frivolous if it lacks an arguable basis in law or fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke*, 490 U.S. at 325. A plaintiff sets forth no

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

arguable factual basis where the allegations asserted are "fantastic or delusional"; and presents no arguable legal basis when advancing "indisputably meritless" legal theories, *i.e.*, when the defendant is immune from suit, or when the plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327-28; *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000). Courts may also dismiss a complaint *sua sponte* for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

In conducting this initial review under § 1915, the Court accepts *pro se* Plaintiff's allegations as true and construes them liberally in his favor. *See Donald v. Marshall*, No. 84-3231, 1985 WL 13183, at *1 (6th Cir. Apr. 5, 1985) (stating that, "[w]hen considering a *pro se* action for dismissal pursuant to 28 U.S.C. § 1915(d), the complaint should be liberally construed and the allegations of the complaint must be taken as true and construed in favor of the plaintiff"). However, while *pro se* pleadings are "to be liberally construed" and are "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*), *pro se* plaintiffs must still satisfy basic pleading requirements. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

**I.**

This federal civil rights case arises from a criminal prosecution in Clark County, Ohio in which Plaintiffs allege that Defendant violated their constitutional rights during an investigation leading to those criminal charges, as well as during grand jury proceedings and trial. Doc. 7. A public records search reveals that all four Plaintiffs were, in fact, joint defendants in a criminal indictment filed the Clark County Court of Common Pleas. *State v. Boyce, et al.*, Nos. 17CR0761A, 17CR0761C, 17CR0761D, 17CR0761E (Ohio C.P. filed Dec. 5, 2017).

In that criminal case, Plaintiff Ramon Boyce was indicted on numerous charges, including burglary in violation of Ohio Rev. Code § 2911.12, engaging in corrupt acts in violation of Ohio Rev. Code § 2923.32, and receiving stolen property in violation of Ohio Rev. Code § 2913.51. *State v. Boyce, et al.*, Nos. 17CR0761A (Ohio C.P. filed Dec. 5, 2017). Plaintiffs Shaqueeta Terrell, Quiana Boyce, and Alyshia Cook were all indicted on charges of engaging in a pattern of corrupt activity, with Terrell and Quiana Boyce also charged with receiving stolen property. *State v. Boyce, et al.*, Nos. 17CR0761C, 17CR0761D, 17CR0761E (Ohio C.P. filed Dec. 5, 2017).

Plaintiff Ramon Boyce was ultimately convicted on numerous counts against him and was sentenced to an aggregate prison term of 70 years. *State v. Boyce, et al.*, Nos. 17CR0761A (Ohio C.P. filed Dec. 5, 2017). He is presently an inmate at Warren Correctional Institution near Lebanon, Warren County, Ohio. *See* Ohio Dep't of Corr. & Rehab. Offender Details, https://appgateway.drc.ohio.gov/OffenderSearch/Search/Details/A744309 (last visited Aug. 22, 2019). Ramon Boyce appealed his convictions and the direct appeal remains pending before the Ohio Second District Court of Appeals. *See State of Ohio v. Boyce*, No. 18CV77.

Terrell pled guilty and was sentenced to six months in jail for receiving stolen property. *State v. Boyce, et al.*, No. 17CR0761C (Ohio C.P. filed Dec. 5, 2017). Cook pled guilty to a separate information filed in the Clark County Court of Common Pleas charging her with receiving stolen property, was sentenced to ten months in prison on that charge and, pursuant to a plea agreement, the original indictment against her was dismissed. *State v. Cook*, No. 18CR0589 (Ohio C.P. filed Sept. 6, 2018). Neither Terrell nor Cook appealed their convictions or sentences. The charges against Quiana Boyce appear to have been dismissed without prejudice. *State v. Boyce, et al.*, No. 17CR0761D (Ohio C.P. filed Dec. 5, 2017).

Now, as noted above, Plaintiffs seek to assert § 1983 claims against numerous Defendants arising from these criminal proceedings. Doc. 7. Liberally construing their *pro se* complaint as required, it appears that all Plaintiffs seek to assert claims of malicious prosecution or abuse of process and, in addition, Ramon Boyce and Quiana Boyce assert Fourth Amendment search and seizure violations. Plaintiffs also generally assert claims against the City of Springfield, the Springfield Police, the Clark County Sheriff's Office, and numerous Defendants in their official capacities.

## II.

"To prevail on a § 1983 claim, a plaintiff must establish that a person acting under color of state law deprived the plaintiff of a right secured by the Constitution or laws of the United States." *Green v. Throckmorton*, 681 F.3d 853, 859-60 (6th Cir. 2012) (citing *Waters v. City of Morristown, Tenn.*, 242 F.3d 353 (6th Cir. 2001)). To state a claim under § 1983 against individuals, Plaintiffs must allege the "(1) deprivation of a right secured by the federal Constitution or laws of the United States, and (2) that the deprivation was caused by a person while acting under color of state law." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Notably, individuals against whom civil rights claims are asserted under § 1983 are "only liable for his or her own misconduct." *Iqbal*, 556 U.S. at 677; *see also Marcilis v. Twp. of Redford*, 693 F.3d 589, 596 (6th Cir. 2012). As a result, claims asserting "violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008). Thus, the mere "listing [of] names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery[.]" *Gilmore v. Corrections Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (citing *Flagg Bros. v. Brooks*, 436 U.S. 149 (1978));

4

*see also Frazier v. Mich.*, 41 F. App'x 762, 764 (6th Cir. 2002). Further, simply "lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct'" fails "'to satisfy [the] minimum standard that a complaint give each defendant fair notice of what the plaintiffs claim is and the ground upon which it rests[.]" *Marcilis v. Twp. of Redford*, 693 F.3d 589, 596 (6th Cir. 2012) (citation and internal quotation omitted).

### A. Abuse of Process and Malicious Prosecution

Here, the undersigned initially notes that "the Sixth Circuit does not even recognize an abuse of process claim brought pursuant to § 1983." *Grise v. Allen*, 714 F. App'x 489, 496 (6th Cir. 2017), *cert. denied*, 138 S. Ct. 1443 (2018) (citing *Moore v. WesBanco*, 612 F. App'x 816, 823 (6th Cir. 2015) ("This court has consistently declined to recognize an abuse-of-process claim under 42 U.S.C. § 1983")). Accordingly, insofar as Plaintiffs seek to assert abuse of process causes of action under § 1983, they fail to state a claim upon which relief can be granted. Therefore, any abuse of process claims should be dismissed as frivolous.

Next, to prevail on a claim of malicious prosecution, Plaintiffs must allege that: "(1) a criminal prosecution was initiated against [them] and the defendant made, influenced, or participated in the decision to prosecute; (2) there was no probable cause for the criminal prosecution; (3) as a consequence of the legal proceeding, [they] suffered a deprivation of liberty apart from the initial seizure; and (4) the criminal proceeding was resolved in [their] favor." *Robertson v. Lucas*, 753 F.3d 606, 616 (6th Cir. 2014). At issue for purposes of initial review are the second and fourth elements of a malicious prosecution claim.

Concerning the second element, as a general rule, "the finding of an indictment, fair upon its face, by a properly constituted grand jury, conclusively determines the existence of probable cause" for a prosecution. *Sanders v. Jones*, 845 F.3d 721, 728 (6th Cir. 2017) (citing *Higgason v.*

*Stephens*, 288 F.3d 868, 877 (6th Cir. 2002)). Because all Plaintiffs here were indicted by a Clark County grand jury, the general rule would bar their claims absent application of a known exception to such rule.

The Sixth Circuit has found an exception where "a law-enforcement officer, in the course of setting a prosecution in motion, either knowingly or recklessly makes false statements (such as in affidavits or investigative reports) or falsifies or fabricates evidence." *King v. Harwood*, 852 F.3d 568, 587 (6th Cir. 2017). Such exception may apply where a state actor "misled the prosecutor, as well as the grand jury, through his [or her] deficient and reckless investigation and the critical omission of material evidence." *Jones v. Clark Cty., Ky*, 690 F. App'x 334, 336 (6th Cir. 2017). For purposes of initial review, the undersigned concludes that Plaintiffs' allegations may arguably be sufficient in this regard.

However, concerning the fourth element of a malicious prosecution claim, there can be no dispute that criminal proceedings did not resolve in favor of Plaintiffs Terrell and Cook. Both Terrell and Cook entered guilty pleas and never filed a direct appeal. Accordingly, their malicious prosecution claims fail as a matter of law.

The same is true for the malicious prosecution claim asserted by Quiana Boyce. Although the charges against her were voluntarily dismissed without prejudice, she nevertheless fails to state a malicious prosecution claim because the dismissal of charges without prejudice fails to meet the required fourth element. *See Thornton v. City of Columbus*, 171 F. Supp. 3d 702, 710 (S.D. Ohio 2016) ("The Court has not found Sixth Circuit law proposing that a hung jury or dropped charges constitute the proceeding being resolved in the plaintiff's favor"); *Singleton v. City of New York*, 632 F.2d 185, 195 (2d Cir. 1980) ("This [fourth element] requirement is not met by a claim seeking federal review of a state prosecution on grounds of unfairness, absent proof of denial of due process

6

or a finding that the defendant was maliciously prosecuted upon a charge of which he was found not guilty"). Accordingly, the malicious prosecution claim asserted Quiana Boyce is frivolous and should be dismissed.

Plaintiff Ramon Boyce was convicted by a jury and his direct appeal remains pending. "[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Where "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence . . . the complaint must be dismissed." *Id*. at 487. Thus, a claim for damages challenging the validity of an existing conviction "is not cognizable under § 1983." *Id*. In light of the foregoing precedent, Plaintiff Ramon Boyce's malicious prosecution claim -- and any purported derivative § 1983 claim -- is barred by *Heck* unless and until his convictions are invalidated. *See Holland v. Cty. of Macomb*, No. 16-2103, 2017 WL 3391653, at *2 (6th Cir. Mar. 17, 2017). Accordingly, Ramon Boyce's claims in this regard should be dismissed, albeit without prejudice to refile.

B. **Search and Seizure**

Plaintiffs also set forth allegations regarding: (1) a traffic stop of Ramon Boyce and a vehicle search that occurred on February 28, 2017; (2) a traffic stop, warrantless search, and towing of Ramon Boyce's vehicle on June 21, 2017; and (3) a search of Plaintiff Quiana Boyce's vehicle by Defendant Ronny Fader on July 4, 2017. Initially, the undersigned notes that, because Plaintiffs did not initiate this action until June 14, 2019 (doc. 1), any § 1983 claims arising from the February

28, 2017 vehicle stop and search are barred by the applicable statute of limitations. *Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989) ("[T]he appropriate statute of limitations for 42 U.S.C. § 1983 civil rights actions arising in Ohio is contained in Ohio Rev. Code Ann. § 2305.10, which requires that actions for bodily injury be filed within two years after their accrual"). Thus, claims arising from the February 28, 2017 traffic incident should be dismissed.

Ramon Boyce's claims against Defendant Peabody arising from the June 21, 2017 stop, search and towing do not, however, appear subject to dismissal at this early stage -- although any such claims may be subject to a more detailed motion under Rule 12 or Rule 56 at a later date. Therefore, claims arising from the June 21, 2017 stop should survive initial review. Plaintiff Quiana Boyce's claims against Defendant Fader arising from the search of her vehicle on June 21, 2017 should also survive initial review -- again, subject to more detailed argument by the parties on any motion brought under, *inter alia*, Rule 12 or Rule 56.

### C. *Monell* Claims

Local government entities -- such as cities and counties -- are considered persons under § 1983 and "may be sued for constitutional deprivations." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978). However, such entities cannot be held liable for the acts of employees or officials on a *respondeat superior* theory. *Id.* at 693. Instead, an official policy or custom must be the "moving force" behind the alleged constitutional deprivation. *See City of Canton v. Harris*, 489 U.S. 378, 389 (1989). This applies to individuals sued in their official capacities. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) ("A suit against an individual in his official capacity is the equivalent of a suit against the governmental entity") (citing *Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 68 (1989)); *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) ("[I]ndividuals

sued in their official capacities stand in the shoes of the entity they represent") (citing *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)).

To demonstrate *Monell* liability, one must: (1) identify the policy or custom; (2) connect the policy to the governmental entity; and (3) show injury of a constitutional magnitude incurred because of that policy's execution. *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (internal citations omitted). Here, Plaintiffs' complaint is devoid of allegations upon which to state a *Monell* claim. Accordingly, such claims should be dismissed.

### III.

Accordingly, based on all of the foregoing, the undersigned **RECOMMENDS** that: (1) this case proceed on Plaintiff Ramon Boyce's Fourth Amendment claim against Defendant Peabody and Plaintiff Quiana Boyce's Fourth Amendment claim against Defendant Fader; (2) all other claims asserted be **DISMISSED**; (3) Plaintiffs Terrell and Cook be **TERMINATED** as parties to this action; (4) all Defendants except Peabody and Fader be **TERMINATED** as parties to this action; and (5) service issue to Defendants Peabody and Fader only.

Date:  September 11, 2019                       s/ Michael J. Newman
                                                Michael J. Newman
                                                United States Magistrate Judge

## **NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation.  This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system.  If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).  Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.  As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system.  If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).