IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

RAMON BOYCE, *et al.*,

      Plaintiffs,

      v.

CITY HALL FOR SPRINGFIELD,
OHIO, *et al.*,

      Defendants.

:

:

:

:

Case No. 3:19-cv-181

JUDGE WALTER H. RICE

---

DECISION AND ENTRY ADOPTING IN PART AND REJECTING IN PART UNITED
STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS (DOC.
#12); SUSTAINING IN PART AND OVERRULING IN PART PLAINTIFFS'
OBJECTIONS THERETO (DOCS. ##13, 16, 17, 18); DISMISSING PORTIONS OF
COUNT I OF AMENDED COMPLAINT WITH PREJUDICE AND OTHER PORTIONS
OF COUNT I WITHOUT PREJUDICE; DISMISSING COUNTS II, III AND IV OF
AMENDED COMPLAINT WITHOUT PREJUDICE; PLAINTIFFS ALYSHIA COOK,
SHAQUEETA TERRELL AND QUIANA BOYCE TO PAY FILING FEES OR FILE
MOTIONS FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* WITHIN 21 DAYS;
GRANTING PLAINTIFFS 45 DAYS TO SEEK LEAVE TO FILE SECOND AMENDED
COMPLAINT; NO SERVICE TO ISSUE UNTIL FURTHER COURT ORDER

---

*Pro se* plaintiffs, Ramon Boyce, Alyshia Cook, Shaqueeta Terrell and Quiana

Boyce (Ramon Boyce's sister), filed suit against the City Hall for Springfield, Ohio,

the Clark County Prosecutor, the Springfield City Police Department, the Clark

County Sheriff's Department and a number of individual law enforcement officers,

seeking monetary damages for alleged constitutional violations. The initial

Complaint, Doc. #3, was signed only by Ramon Boyce. An Amended Complaint,

Doc. #7, was signed by all four plaintiffs. Plaintiff Ramon Boyce was granted

leave to proceed *in forma pauperis.* The other three plaintiffs have not requested such leave; nor has such been granted.

On an initial screening of the Amended Complaint under 28 U.S.C. § 1915(e)(2),[1] then-United States Magistrate Judge Michael J. Newman[2] issued a Report and Recommendations, Doc. #12, recommending that service issue only to Defendant Brian Peabody on a Fourth Amendment claim asserted by Plaintiff Ramon Boyce, and to Defendant Ronny Fader on a Fourth Amendment claim asserted by Plaintiff Quiana Boyce. Magistrate Judge Newman recommended that all other claims be dismissed. This matter is currently before the Court on Plaintiffs' individual Objections to that Report and Recommendations. Docs. ##13, 16, 17, 18.

## I.    Factual Background and Procedural History

Plaintiffs allege that, between October of 2016 and April of 2018, numerous employees of the Springfield Police Department, Clark County Sheriff's Office and Clark County Prosecutor's Office violated Plaintiffs' constitutional rights during the course of investigations into drug trafficking, burglary and receipt of stolen

---

[1]   Like 28 U.S.C. § 1915A, governing screening of civil complaints in which a prisoner seeks redress from a governmental entity or governmental employee, § 1915(e)(2) allows the Court to dismiss actions that are frivolous or malicious, or that fail to state a claim upon which relief may be granted.

[2]   Michael J. Newman is now a district court judge.

property. Those investigations resulted in numerous criminal charges being filed against Plaintiffs.

On December 5, 2017, Ramon and Quiana Boyce, Alyshia Cook and Shaqueeta Terrell were indicted in Clark County (Case No. 17CR0761). Ramon Boyce was charged with multiple counts of burglary, engaging in a pattern of corrupt activity, and receiving stolen property. He was convicted and sentenced to an aggregate term of 70 years. On July 2, 2020, the Second District Court of Appeals affirmed his conviction, and later denied his motion for reconsideration. (Case No. 18CA0077). On December 28, 2020, the Ohio Supreme Court declined jurisdiction. Boyce filed his appeal with the United States Supreme Court on February 17, 2021 (Case No. 21-0121). His petition remains pending.

In the same indictment, Quiana Boyce, Alyshia Cook and Shaqueeta Terrell were charged with engaging in pattern of corrupt activity. Shaqueeta Terrell and Quiana Boyce were also charged with receiving stolen property. Terrell pled guilty to that charge and was sentenced to six months in jail. She did not appeal. The charges against Quiana Boyce were dismissed without prejudice. The charges against Cook were dismissed, but she pled guilty in a separate Bill of Information (18CR0589) to receiving stolen property, and was sentenced to ten months in prison. She did not appeal.

Plaintiffs filed the above-captioned lawsuit on June 14, 2019, and filed an Amended Complaint, Doc. #7, on August 1, 2019. Plaintiffs seek relief under 42 U.S.C. §§ 1983, 1985 and 1986. Doc. #7, PageID#111. Defendants include the

3

following: (1) City Hall for Springfield, Ohio; (2) Clark County Prosecutor David Andrew Wilson (sued in his official and individual capacities); (3) Springfield City Police Department; (4) former Springfield Chief of Police Stephen Moody (sued in his official capacity); (5) current Springfield Chief of Police Lee Graf (sued in his official capacity); (6) Springfield police officer Deric Nichols (sued in his official and individual capacities); (7) Springfield police officer Ronald Terry (sued in his official and individual capacities); (8) Springfield police officer Michael Curtis (sued in his official and individual capacities); (9) Springfield police officer Brian Peabody (sued in his official and individual capacities); (10) Clark County Sheriff's Department (sued in its official and individual capacities); (11) Clark County Sheriff Deborah Burchett (sued in her official and individual capacities); (12) Clark County Sheriff's Deputy Ronny Fader (sued in his official and individual capacities); and (13) Clark County Sheriff's Deputy Brian Melchi (sued in his official and individual capacities).

The Amended Complaint consists of 21 single-spaced pages, detailing numerous instances of alleged wrongdoing. It includes four claims for relief: (1) deprivation of constitutional rights under color of state law; (2) failure to train and supervise; (3) conspiracy, gross negligence, recklessness and intentional conduct in violation of the Due Process Clause; and (4) conspiracy to impede, hinder, obstruct or defeat due course of justice in order to deny Plaintiffs equal protection of the law. Doc. #7, PageID#126.

More specifically, Plaintiffs challenge three traffic stops: (1) Springfield police officer Deric Nichols' February 28, 2017, stop of Ramon Boyce; (2)

Springfield police officer Brian Peabody's June 21, 2017, stop of Ramon Boyce; and (3) an unknown Ohio State trooper's July 4, 2017, stop of Quiana Boyce (to which Clark County Sheriff's Deputy Ronny Fader also responded). *Id.* at PageID##113, 117-19. Plaintiffs further allege that Officer Nichols committed perjury during a suppression hearing related to the February 28, 2017, traffic stop. *Id.* at PageID##113, 120, 122-23.

In addition, Plaintiffs allege that, during the course of the investigations into various burglaries, Officer Peabody, along with fellow Springfield police officers Ronald Terry and Michael Curtis, and Clark County Sheriff's Deputy Ronny Fader disregarded evidence, created false reports, and knowingly and intentionally lied in their warrant affidavits. *Id.* at PageID##112-125. Plaintiffs have also alleged that Terry met with burglary victims to see if they could identify items allegedly taken by Ramon Boyce. The victims allegedly later created a list of missing items resembling the items that Terry showed them, none of which matched the items that were originally reported missing, and allowed people to make claims on those items without any proof of ownership. Likewise, Plaintiffs allege that Officer Curtis, Officer Peabody and Deputy Fader met with victims of alleged burglaries and returned allegedly stolen property to them without requiring proof of ownership. *Id.* at PageID##117-21.

Plaintiffs further allege that Clark County Prosecutor David Andrew Wilson filed unwarranted criminal charges against them, withheld exculpatory evidence, directed Deputy Fader to fabricate information and create false reports, coerced

5

plea agreements, and failed to respond appropriately to a letter written by Ramon Boyce about the investigation and the criminal charges that had been filed. *Id.* at PageID#113-125. Wilson also allegedly instructed Clark County Sheriff's Deputy Brian Melchi to conduct warrantless cell phone searches of Plaintiffs' cell phones. *Id.* at PageID#120. Plaintiffs further allege that Wilson intentionally delayed the return of Ramon Boyce's property after certain claims were dismissed, and allowed third parties who had made false claims to take certain property belonging to Ramon Boyce and Alyshia Cook without showing proof of ownership and without a formal proceeding. *Id.* at PageID#123.

In addition, Ramon Boyce alleges that when he requested an internal affairs investigation into the allegedly false reports created by Officer Curtis and Deputy Fader, neither the Springfield City Hall, Springfield Police Department, then Chief of Police Stephen Moody, current Chief of Police Lee Graf, the Clark County Sheriff's Office, or Clark County Sheriff Deborah Burchett, conducted any investigation into his complaint. *Id.* at PageID##120-21. Plaintiffs also allege that Springfield City Hall, the Springfield Police Department and the Clark County Sheriff all failed to properly train and supervise their employees. *Id.* at PageID##125-26.

## II.    Report and Recommendations (Doc. #12)

On initial review under 28 U.S.C. §1915(e)(2), Magistrate Judge Newman interpreted the Amended Complaint to consist solely of three claims brought under 42 U.S.C. § 1983: (1) claims by all Plaintiffs of abuse of process; (2) claims by all

6

Plaintiffs of malicious prosecution; and (3) claims by Ramon Boyce and Quiana

Boyce based on alleged Fourth Amendment violations related to the traffic stops.

The Magistrate Judge recommended that the Court dismiss the § 1983

abuse-of-process claims because the Sixth Circuit does not recognize such a claim.

*See Grise v. Allen*, 714 F. App'x 489, 496 n.4 (6th Cir. 2017). He also

recommended dismissal of the malicious prosecution claims. In order to succeed

on a claim of malicious prosecution under § 1983, a plaintiff must plead and prove:

> (1) a criminal prosecution was initiated against the plaintiff and the
> defendant made, influenced, or participated in the decision to
> prosecute; (2) there was no probable cause for the criminal
> prosecution; (3) as a consequence of the legal proceeding, the plaintiff
> suffered a deprivation of liberty apart from the initial seizure; and (4)
> the criminal proceeding was resolved in the plaintiff's favor.

*Johnson v. Moseley*, 790 F.3d 649, 654 (6th Cir. 2015) (quoting *Robertson v.*

*Lucas*, 753 F.3d 606, 616 (6th Cir. 2014)).

Magistrate Judge Newman found that, because Plaintiffs Terrell and Cook

pled guilty and did not appeal, it cannot be said that the criminal proceedings were

resolved in their favor. The charges against Quiana Boyce were voluntarily

dismissed without prejudice. However, for purposes of a malicious prosecution

claim, it cannot be said that these proceedings were resolved in her favor.

*Thornton v. City of Columbus*, 171 F. Supp. 3d 702, 710 (S.D. Ohio 2016).

Magistrate Judge Newman therefore found that the malicious prosecution claims

asserted by Terrell, Cook and Quiana Boyce failed as a matter of law, and

recommended that they be dismissed with prejudice.

As to Ramon Boyce, whose direct appeal remains pending, Magistrate Judge Newman noted that, unless and until Boyce's conviction or sentence is invalidated, his § 1983 malicious prosecution claim is barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) ("in order to recover damages for allegedly unconstitutional conviction or imprisonment . . . , a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254."). He therefore recommended that Ramon Boyce's § 1983 malicious prosecution claim be dismissed without prejudice.

As to the § 1983 claims based on alleged violations of Plaintiffs' Fourth Amendment right to be free from unreasonable search and seizure, Magistrate Judge Newman found that all claims arising from Ramon Boyce's February 28, 2017, traffic stop were time-barred. He found, however, that Ramon Boyce's claims against Defendant Peabody, arising from the June 21, 2017, traffic stop, warrantless search and towing, survived initial review, as did Quiana Boyce's claims against Defendant Fader arising from the July 4, 2017, search of her vehicle.

As to the § 1983 claims against the City Hall of Springfield, the Springfield City Police Department, the Clark County Sheriff's Office, and all claims brought against governmental employees in their official capacities, Magistrate Judge Newman found that Plaintiffs had failed to state a plausible claim under *Monell v.*

*Department of Social Services*, 436 U.S. 658 (1978). In *Monell*, the Supreme Court held that a municipality is subject to liability under § 1983 only if a custom or policy was the moving force behind the alleged constitutional violation. *Id.* at 690-91.

Based on the foregoing, Magistrate Judge Newman recommended that: (1) the case be allowed to proceed on Ramon and Quiana Boyce's Fourth Amendment claims against Defendants Peabody and Fader; (2) all other claims be dismissed; (3) Plaintiffs Terrell and Cook be terminated as parties to this action; (4) all Defendants except Peabody and Fader be terminated as parties to this action; and (5) service issue to Defendants Peabody and Fader only.

## III. *De Novo* Review

Initially, only Plaintiff Ramon Boyce filed Objections to Magistrate Judge Newman's Report and Recommendations. Doc. #13. He purportedly did so on behalf of himself and his three co-Plaintiffs, Alyshia Cook, Shaqueeta Terrell, and Quiana Boyce. However, because he is not a licensed attorney, he is not permitted to represent other individuals. Accordingly, on February 12, 2020, the Court gave the other Plaintiffs additional time to file their own individual Objections. They did so on February 27, 2020. Docs. ##16, 17, 18.

The Court must conduct a *de novo* review of any part of the Report and Recommendations to which Plaintiffs have filed proper Objections. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1). For the reasons set forth below, the Court

ADOPTS IN PART and REJECTS IN PART the Report and Recommendations, Doc. #12, and SUSTAINS IN PART and REJECTS IN PART Plaintiffs' Objections thereto, Docs. #13, 16, 17 and 18.

## IV.    Analysis

### A.    42 U.S.C. § 1983 Claims (Counts I, II and III)

Plaintiffs seek damages under 42 U.S.C. § 1983, which provides an avenue of recovery against state actors who subject individuals to the deprivation of federal rights.  This statute "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)).  In order to recover under § 1983, a plaintiff must prove that the defendant, while acting under color of state law, violated rights secured by the Constitution or laws of the United States.  *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

Plaintiffs have sued many of the Defendants in their official and individual capacities.  As the Supreme Court explained in *Kentucky v. Graham*, 473 U.S. 159 (1985), an individual-capacity suit seeks to impose personal liability on a government official for actions taken under color of state law.  An official-capacity suit, however, is the equivalent of an action against the governmental entity of which the officer is an agent.  *Id.* at 165.

As discussed above, Magistrate Judge Newman construed all of Plaintiffs'
claims as arising under 42 U.S.C. § 1983. Plaintiffs argue, however, that he
misconstrued some of their claims and completely failed to address others. The
Court agrees. For ease of discussion, the Court will address the four claims in the
order asserted in the Amended Complaint, Doc. #7, PageID#126.

### 1. Count I: Individual Liability Under 42 U.S.C. § 1983

In Count I, Plaintiffs allege that "[e]ach Defendant in this action acted under
color of state law and in th[eir] conduct acted attributably depriving each of the
plaintiff[]s of a right privilege or immunity secured by the [C]onstitution or federal
law causing damage to them." Doc. #7, PageID#126. Given that Plaintiffs do not
identify *which* Constitutional rights were allegedly violated, this left the Magistrate
Judge to guess the exact nature of the claims asserted, liberally construing the
pleading in Plaintiffs' favor as he was required to do. He interpreted Count I of the
Amended Complaint to assert claims of abuse of process, malicious prosecution,
and Fourth Amendment violations related to three traffic stops.

### a. Abuse of Process

As noted above, Magistrate Judge Newman recommended that the Court
dismiss the § 1983 abuse-of-process claims because the Sixth Circuit does not
recognize such claims. *Grise*, 714 F. App'x at 496. No Plaintiff has objected to
this recommendation. To the extent that Count I of Plaintiffs' Amended Complaint
could be construed to assert abuse-of-process claims, the Court ADOPTS the
Report and Recommendations, and finds that Plaintiffs have failed to state a claim

11

upon which relief may be granted. The abuse-of-process claims are DISMISSED WITH PREJUDICE.

### b.    Malicious Prosecution

With respect to the malicious prosecution claims, Magistrate Judge Newman noted that Plaintiffs must allege that:

> (1) a criminal prosecution was initiated against the plaintiff and the defendant made, influenced, or participated in the decision to prosecute; (2) there was no probable cause for the criminal prosecution; (3) as a consequence of the legal proceeding, the plaintiff suffered a deprivation of liberty apart from the initial seizure; and (4) the criminal proceeding was resolved in the plaintiff's favor.

*Robertson v. Lucas*, 753 F.3d 606, 616 (6th Cir. 2014). He noted that, as a general rule, an indictment conclusively establishes the existence of probable cause. *Sander v. Jones*, 845 F.3d 721, 728 (6th Cir. 2017). However, to the extent that Plaintiffs alleged that, in order to obtain the indictment, the law enforcement officers made false statements and falsified or fabricated evidence, these allegations arguably triggered an exception to the general rule. *King v. Harwood*, 852 F.3d 568, 587 (6th Cir. 2017).

Nevertheless, with respect to the fourth element, Magistrate Judge Newman found that, because Plaintiffs Terrell and Cook had pled guilty and could not show that the criminal charges were resolved in their favor, their malicious prosecution claims should be dismissed with prejudice. He also found that, because the charges against Quiana Boyce were dismissed *without prejudice*, it cannot be said that the criminal proceeding was resolved in her favor. *Thornton v. City of*

*Columbus*, 171 F. Supp. 3d 702, 710 (S.D. Ohio 2016). This rendered her malicious prosecution claim also subject to dismissal with prejudice. Magistrate Judge Newman found that Ramon Boyce's malicious prosecution claim was barred by *Heck v. Humphrey*, but because there is a pending appeal, it should be dismissed without prejudice.

Again, no Plaintiff has objected to this portion of the Report and Recommendations. Accordingly, to the extent that Plaintiffs' Amended Complaint could be construed to assert claims of malicious prosecution, the Court ADOPTS this portion of the Report and Recommendations.

Notably, this holding encompasses Plaintiffs' allegations that Prosecutor Wilson instructed officers to submit evidence for DNA testing and to search cell phones without a warrant, directed officers to fabricate reports, threaten witnesses and coerce their testimony and guilty pleas, and ignored Plaintiffs' complaints concerning the falsehoods on which the investigation was based. It also includes Plaintiffs' allegations that Wilson attempted to block the January 2018, suppression hearing in order to stop Ramon Boyce from learning that Nichols had previously lied under oath, and that Wilson withheld exculpatory evidence and took false claims to the jury. Doc. #7, PageID##116-25.[3]

---

[3] Even if the proceedings had been resolved in Plaintiffs' favor, it is highly likely that, as a prosecutor, Defendant Wilson would be entitled to either absolute or qualified immunity on all of these malicious prosecution claims. *Imbler v. Pachtman*, 424 U.S. 409 (1976).

Likewise, this holding includes Plaintiffs' allegations that Officer Ronald Terry disregarded evidence and created false reports, Doc. #7, PageID#125, and that Officer Michael Curtis assisted in obtaining a grand jury indictment on claims that he knew were false, *id.* at PageID#120-21.[4] It also includes Plaintiffs' allegations that Officer Peabody and Deputy Fader assisted in obtaining indictments against them by: (1) creating false reports concerning events related to the June 21, 2017, traffic stop; (2) helping witness Christopher Burkhart create a false story about one particular burglary; (3) getting robbery victims to make false claims against Plaintiffs; and (4) threatening to file false charges against Quiana Boyce, if she did not agree to make false statements against her brother. *Id.* at PageID##118-22, 125.

To the extent that all of these allegations fall under the umbrella of the malicious prosecution claims, said claims brought by Defendants Cook, Terrell and Quiana Boyce are DISMISSED WITH PREJUDICE. Because Ramon Boyce's direct appeal is still pending, his malicious prosecution claims are DISMISSED WITHOUT PREJUDICE.

---

[4] Plaintiffs' allegation that, in October of 2016, Officer Curtis falsely accused Ramon Boyce of selling stolen property to Buckeye Gold Company, Doc. #7, PageID##112-13, is barred by the two-year statute of limitations. Likewise, Plaintiffs' allegation that, in March of 2017, Officer Curtis filed a false affidavit in support of a warrant request, *id.* at PageID##114, 125, is time-barred.

### c.  Fourth Amendment Violations—Traffic Stops

As previously noted, Plaintiffs have alleged Fourth Amendment violations stemming from three separate traffic stops.  Magistrate Judge Newman found that Ramon Boyce's Fourth Amendment claim against Defendant Peabody, arising from the June 21, 2017, traffic stop, and Quiana Boyce's Fourth Amendment claim against Defendant Fader, arising from the July 4, 2017, search of her vehicle, survive an initial review.  Plaintiffs have not objected to these findings.  The Court ADOPTS this portion of the Report and Recommendations, and will allow these claims to proceed.[5]

Ramon Boyce, however, has objected to Magistrate Judge Newman's recommendation that the Fourth Amendment claims arising from Officer Deric Nichols' February 28, 2017, traffic stop be dismissed as time-barred.  Nichols allegedly pulled Boyce over for a traffic violation and then conducted a K-9 search while ostensibly performing a check for outstanding warrants.

Boyce argues that the two-year statute of limitations should be equitably tolled because he did not become aware of this Fourth Amendment violation until January 8, 2018, the date of the suppression hearing.  He maintains that, prior to that date, Defendants fraudulently concealed the fact that Officer Nichols had lied, both in his incident report and in municipal court.  At the suppression hearing,

---

[5]  The Amended Complaint also alleges that Officer Peabody and Deputy Fader engaged in other wrongdoing that occurred prior to June 14, 2017.  Doc. #7, PageID##114-17.  These claims, however, are time-barred.

Nichols allegedly admitted that, prior to stopping Boyce, he had already run a warrant check and learned that Boyce had no outstanding warrants. Boyce maintains that Nichols therefore had no reason to further detain him to run another report while he conducted a K-9 search.

The Court SUSTAINS Boyce's Objection and REJECTS the Report and Recommendations with respect to this claim. On initial review, the Court finds that there are sufficient allegations in the Amended Complaint to support a plausible claim that the statute of limitations should be equitably tolled. Accordingly, Boyce's Fourth Amendment claim against Officer Nichols related to the February 28, 2017, traffic stop survives an initial review.

### d. Other Alleged Constitutional Violations

The Report and Recommendations are completely silent concerning much of the other wrongdoing alleged in the Amended Complaint. For the sake of completeness, a discussion concerning claims not explicitly addressed in the Report and Recommendations is warranted.

### i. Procedural Due Process Claims

Plaintiffs allege that Prosecutor David Andrew Wilson intentionally delayed the return of Ramon Boyce's property after certain charges were dismissed, and allowed third parties who had made false claims to take certain property belonging to Ramon Boyce and Alyshia Cook without showing proof of ownership and without a formal proceeding. Doc. #7, PageID#123. Plaintiffs also allege that Officer Ronald Terry, Officer Michael Curtis, Officer Brian Peabody and Deputy

16

Ronny Fader met with burglary victims and allowed them to take property without showing proof of ownership. *Id.* at PageID##117-21.

These allegations could be liberally construed as an attempt to assert procedural due process claims against these Defendants. The Fourteenth Amendment to the United States Constitution provides that no State shall "deprive any person of life, liberty, or property without due process of law." U.S. Const. amend. XIV. The procedural due process portion of this clause requires that, when a significant property interest is at stake, "the right to notice and an opportunity to be heard must be granted at a meaningful time and in a meaningful manner." *Fuentes v. Shevin*, 407 U.S. 67, 80 (1972) (internal quotation omitted).

To establish a procedural due process claim, Plaintiffs must show that (1) they had a life, liberty or property interest protected by the Due Process Clause; (2) they were deprived of this protected interest; and (3) the state did not afford them "adequate procedural rights." *Daily Servs., LLC v. Valentino*, 756 F.3d 893, 904 (6th Cir. 2014). As currently pled, Plaintiffs have failed to state a plausible procedural due process claim.

In *Bethel v. Jenkins*, 988 F.3d 931, 942 (6th Cir. 2021), the court explained that, "[i]n order to have a protected property interest, an individual must 'have a legitimate claim of entitlement' to the property interest." The Amended Complaint alleges that Terry, Curtis, Peabody and Fader allowed burglary victims to make claims on property "connected to" and "relating to" Plaintiffs. Doc. #7, PageID##117-20. However, the Amended Complaint does not allege that Plaintiffs

17

were the rightful owners of this property. Although these items may have been *seized* from the Plaintiffs, that does not necessarily mean that Plaintiffs had a legitimate claim of entitlement to them. As currently pled, Plaintiffs' Amended Complaint therefore fails to state a plausible procedural due process violation against Terry, Curtis, Peabody or Fader.

Plaintiffs do, however, allege that Wilson intentionally delayed the return of *Ramon Boyce's* property after certain claims were dismissed, and allowed third parties to take certain property "owned by" Ramon Boyce and Alyshia Cook. As such, Plaintiffs have adequately alleged that Wilson deprived them of a protected property interest.

As to the third element of the claim, Plaintiffs must demonstrate either that they were deprived of a property interest as a result of an "established state procedure" that itself violates procedural due process rights or that they were deprived of a property interest "pursuant to a random and unauthorized act," and available state remedies would not adequately compensate them for the loss. *Wedgewood Ltd. P'ship I v. Twp. of Liberty, Ohio*, 610 F.3d 340, 349–50 (6th Cir. 2010). Plaintiffs have not identified which of these is applicable; however, the factual allegations lead the Court to believe that Plaintiffs are claiming that it was the latter, *i.e.*, that Wilson acted *contrary to* established state procedure.

Ohio Revised Code § 2981.11(C) requires law enforcement agencies with custody of stolen property to "make a reasonable effort to locate persons entitled to possession of the property" and to return it to them. This statute further states

18

that, if there is no evidence identifying who is entitled to possession, the law enforcement agency can place an advertisement in the newspaper briefly describing the nature of the property "and inviting persons to view and establish their right to it."

Accordingly, to the extent that Plaintiffs allege that Wilson allowed people to take property owned by Ramon Boyce and Alyshia Cook "without being required to show proof of ownership," Plaintiffs impliedly allege that Wilson failed to follow established procedures, and that the alleged deprivation of their protected property interest was the result of a random and unauthorized act.

In such circumstances, however, Plaintiffs must also plead and prove that post-deprivation remedies are inadequate. The Sixth Circuit has held that "in § 1983 damage suits claiming the deprivation of a property interest without procedural due process, the plaintiff must plead and prove that state remedies for redressing the wrong are inadequate. In a procedural due process case under § 1983, the plaintiff must attack the state's corrective procedures as well as the substantive wrong." *Jefferson v. Jefferson Cty. Pub. Sch. Sys.*, 360 F.3d 583, 585 n.5 (6th Cir. 2004) (quoting *Vicory v. Walton*, 721 F.2d 1062, 1065–66 (6th Cir. 1984)).

Here, Plaintiffs fail to allege that remedies available under state law, such as a motion for return of property under Ohio Revised Code § 2981.03(A), or a civil claim of conversion, are inadequate to redress the substantive wrong.

19

Accordingly, as currently pled, Plaintiffs have also failed to state a plausible procedural due process claim against Wilson.

The Court will, however, DISMISS Plaintiffs' procedural due process claims WITHOUT PREJUDICE, and grant them 45 days to seek leave to amend their Complaint to cure these deficiencies if they are able to do so within the bounds of Fed. R. Civ. P. 11.[6]

### ii. Sheriff Deborah Burchett and Deputy Brian Melchi

In recommending that service be issued only to Defendants Fader and Peabody, Magistrate Judge Newman impliedly held that the individual-capacity claims brought against all other defendants, including Clark County Sheriff Deborah Burkett and Clark County Sheriff's Deputy Brian Melchi, should be dismissed. However, he did not explain why. Accordingly, some explanation is in order with respect to the dismissal of the individual-capacity claims asserted against these two Defendants.

As to Sheriff Burchett, a supervisor cannot be held liable simply because she supervised an employee who violated the constitutional rights of another. *Peatross v. City of Memphis*, 818 F.3d 233, 241 (6th Cir. 2016). She can be held personally liable under § 1983 only if she "encouraged the specific incident of misconduct or in some other way directly participated in it." *Bellamy v. Bradley*,

---

[6]   The Court makes no determination at this time as to whether Defendant Wilson may be entitled to absolute or qualified immunity on the procedural due process claims.

729 F.2d 416, 421 (6th Cir. 1984). Moreover, liability "must be based on active unconstitutional behavior and cannot be based upon a mere failure to act." *Shehee v. Lutrell*, 199 F.3d 295, 300 (6th Cir. 1999) (internal quotation omitted).

Plaintiffs allege that Sheriff Burchett ignored Ramon Boyce's request for an internal affairs investigation into false reports submitted by law enforcement officers, and that she failed to train and supervise her employees. Doc. #7, PageID##121, 125-26. Plaintiffs, however, do not allege that she engaged in any active unconstitutional behavior. Accordingly, the Court finds that Plaintiffs have failed to state a claim against Sheriff Burchett in her individual capacity.

With respect to Deputy Melchi, Plaintiffs allege that Prosecutor Wilson instructed Melchi "to enter without a warrant devices relating to Plaintiff[]s Ramon Boyce, Alyshia Cook and Quiana Boyce." Doc. #7, PageID#120. The Court interprets this to refer to warrantless cell phone searches. Although Plaintiffs allege that Wilson instructed Melchi to search the cell phones, they do not allege that Melchi actually did so. The Court therefore finds that Plaintiffs have failed to state a plausible § 1983 claim against Brian Melchi in his individual capacity.

The Court will, however, DISMISS the individual-capacity claims against Burchett and Melchi WITHOUT PREJUDICE. Again, Plaintiffs shall have 45 days to seek leave to amend their Complaint to cure these deficiencies if they are able to do so within the bounds of Fed. R. Civ. P. 11.

21

## 2.    Count II:  Municipal Liability Under 42 U.S.C. § 1983

In Count II of the Amended Complaint, Plaintiffs allege that Springfield City Hall, the Springfield Police Department, and the Clark County Sheriff's Office failed to adequately train or supervise their employees, resulting in violations of Plaintiffs' constitutional rights.  Doc. #7, PageID##125-26.[7]   Plaintiffs also allege that these governmental entities, along with Springfield's then-Chief of Police Stephen Moody, Chief of Police Lee Graf, and Clark County Sheriff Deborah Burchett, failed to investigate the internal affairs complaint that Ramon Boyce filed in late 2017, concerning the false reports allegedly filed by Officer Curtis and Deputy Fader.  *Id.* at PageID#121.

As Magistrate Judge Newman explained in the Report and Recommendations, governmental entities and individuals sued in their official capacities are subject to liability under 42 U.S.C. § 1983 only when an official policy or custom is the "moving force" behind the constitutional deprivation.  *City of Canton v. Harris*, 489 U.S. 378, 389 (1989).  Magistrate Judge Newman found that the Amended Complaint failed to state a plausible claim of municipal liability.  Doc. #12, PageID##142-43.

Plaintiffs make no specific Objections to this portion of the Report and Recommendations.  They argue only that, given the opportunity, they will be able to prove that Defendants refused to investigate Plaintiffs' complaints about the

---

[7]   The City Hall of Springfield and the Springfield Police Department are not *sui juris*, *i.e.*, entities capable of being sued.

22

investigation. Doc. #13, PageID#158; Doc. #16, PageID#165; Doc. #17, PageID#168; Doc. #18, PageID#172. This, however, is not enough to survive an initial screening.

To succeed on their claim of failure to train or supervise, Plaintiffs must prove: "(1) the training or supervision was inadequate for the tasks performed; (2) the inadequacy was the result of the municipality's deliberate indifference; and (3) the inadequacy was closely related to or actually caused the injury." *Ellis ex rel. Pendergrass v. Cleveland Mun. Sch. Dist.*, 455 F.3d 690, 700 (6th Cir. 2006).

"'Deliberate indifference' is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown*, 520 U.S. 397, 410 (1997). To establish "deliberate indifference," the plaintiff typically "must show prior instances of unconstitutional conduct demonstrating that the [governmental entity] has ignored a history of abuse and was clearly on notice that the training in this particular area was deficient and likely to cause injury." *Fisher v. Harden*, 398 F.3d 837, 849 (6th Cir. 2005).

In a "narrow range of circumstances," a plaintiff may be able to establish deliberate indifference without evidence of a pattern of similar violations but only if "the unconstitutional consequences of failing to train" are "patently obvious." *Connick v. Thompson*, 563 U.S. 51, 63-64 (2011). For example, in *City of Canton*, the court gave a hypothetical example of a situation in which a city armed its officers and sent them into the public to capture fleeing felons without giving

23

them any training on the constitutional limitations concerning the use of deadly force. 489 U.S. at 390 n.10.

Here, Plaintiffs do not allege that Defendants ignored a history of similar constitutional violations such that they were on notice that additional training or supervision was needed. Nor do they allege that the unconstitutional consequences of failing to train or supervise were patently obvious. Accordingly, the Court finds that Plaintiffs have not adequately pled facts sufficient to support a finding of deliberate indifference. To the extent that Plaintiffs seek to impose liability on Defendants for failure to train and supervise, the Court finds that Plaintiffs have failed to state a plausible claim for relief.

The same is true concerning Plaintiffs' allegation that Defendants failed to investigate Ramon Boyce's internal affairs complaint. A failure to investigate a single complaint of unconstitutional conduct after the fact cannot logically be the "moving force" behind the alleged constitutional violation. To establish deliberate indifference, plaintiffs must generally show a pattern of inadequate investigation of similar claims. *See Thomas v. City of Chattanooga*, 398 F.3d 426, 433 (6th Cir. 2005) ("the plaintiff bears a heavy burden in proving municipal liability, and he cannot rely solely on a single instance to infer a policy of deliberate indifference."). Here, Plaintiffs do not allege that any of the governmental entities or officials failed to investigate prior instances of unconstitutional conduct. The Court therefore finds that they have failed to state a plausible claim of municipal liability related to the failure to investigate Boyce's internal affairs complaint.

With respect to Count II, the Court therefore ADOPTS the Report and Recommendations and OVERRULES Plaintiffs' Objections thereto. Plaintiffs have failed to state a plausible claim against Springfield City Hall, the Springfield Police Department, or the Clark County Sheriff's Department.[8] Likewise, to the extent that Plaintiffs have sued David Andrew Wilson, Stephen Moody, Lee Graf, Deric Nichols, Michael Curtis, Ronald Terry, Brian Peabody, Deborah Burchett, Ronny Fader and Brian Melchi in their official capacities, these claims are subject to dismissal as well. Again, the Court will DISMISS the municipal liability claims WITHOUT PREJUDICE and give Plaintiffs 45 days to seek leave to file a Second Amended Complaint if they can do so within the bounds of Fed. R. Civ. P. 11.

### 3. Count III: Conspiracy Claim Under 42 U.S.C. § 1983

In Count III, Plaintiffs allege that each Defendant, acting under color of state law, "conspired against [Plaintiffs] . . . acting in gross negligence, recklessness, or intentional conduct in violation of the due process clause of the [C]onstitution." Doc. #7, PageID#126. Plaintiffs maintain that the law enforcement officers conspired to charge Plaintiffs for crimes they did not commit.

The Court construes Count III as a conspiracy claim seeking recovery under 42 U.S.C. § 1983. Plaintiffs correctly point out that Count III is not addressed in the Magistrate Judge's Report and Recommendations. The Court SUSTAINS Plaintiffs' Objections on this point. Nevertheless, the Court concludes that the

---

[8] As with the City Hall and the Police Department, the Clark County Sheriff's Department is not *sui juris*, *i.e.,* an entity capable of being sued.

25

§ 1983 conspiracy claim does not survive an initial review.

To successfully plead a § 1983 conspiracy, Plaintiffs must allege sufficient facts to state a claim that "(1) a single plan existed, (2) the conspirators shared a conspiratorial objective to deprive the plaintiffs of their constitutional rights, and (3) an overt act was committed." *Revis v. Meldrum*, 489 F.3d 273, 290 (6th Cir. 2007). This pleading standard is "relatively strict." *Fieger v. Cox*, 524 F.3d 770, 776 (6th Cir. 2008). A plaintiff's "failure to plead a plan or agreement to violate his constitutional rights is fatal to his conspiracy claim." *Heyne v. Metro. Nashville Pub. Schs.*, 655 F.3d 556, 564 (6th Cir. 2011). In addition, a § 1983 conspiracy claim "must be pled with some degree of specificity and . . . vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim." *Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003) (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987)).

Here, Plaintiffs allege that Prosecutor Wilson held meetings and directed law enforcement officers to engage in certain conduct related to the investigation so that Plaintiffs could be criminally charged. Doc. #7, PageID##117-18, 120, 125. Nevertheless, the Amended Complaint does not contain sufficient factual allegations to support a plausible claim that a single plan existed or that the alleged conspirators shared a conspiratorial objective to deprive Plaintiffs of their constitutional rights. The Court therefore finds that Plaintiffs have failed to state a plausible claim of conspiracy under 42 U.S.C. § 1983. Count III of the Amended Complaint will be DISMISSED WITHOUT PREJUDICE on this basis.

### 4. Count IV: Conspiracy Claims Under 42 U.S.C. §§ 1985 and 1986

In their Objections, Plaintiffs each maintain that the crux of their Amended Complaint seeks relief under 42 U.S.C. § 1985. Count IV of the Amended Complaint alleges that:

> Each Defendant in this action acted under the color of state law and conspired against the [plaintiffs] acting to impede[,] hinder, obstruct or defeat due course of justice in state or territory; whose intention was to purposefully deny each plaintiff of equal protection of law and whose acts were done in furtherance of conspiracy against the plaintiff[]s caused and injured in his person or property or was deprived of having and exercising right or privilege of United States, causing harm and damage to them.

Doc. #7, PageID#126.

Again, Plaintiffs correctly point out that the Report and Recommendations fail to address the conspiracy claims asserted in Count IV. The Court SUSTAINS the Objections in this regard. Again, however, the conspiracy claims under §§ 1985 and 1986 do not survive an initial review.

In his Objections to the Report and Recommendations, Plaintiff Ramon Boyce explains that the conspiracy claim arises under the second portion of 42 U.S.C. § 1985(2), which reads as follows:

> [I]f two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws; . . .

27

> the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

42 U.S.C. § 1985(2).

In *Dallas v. Holmes*, 137 F. App'x 746 (6th Cir. 2005), the Sixth Circuit held that, "[u]nder this clause, like § 1985(3), a plaintiff must demonstrate that there was 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action.'" *Id.* at 753 n.5 (quoting *Kush v. Rutledge,* 460 U.S. 719, 726 (1983)). The *Dallas* court held that, because the plaintiffs had not alleged "membership in a protected class, and discrimination based on such membership," they had failed to state a valid claim under § 1985(2). *Id.* at 753.

The same is true here. The Amended Complaint makes no mention of the race of any of the Plaintiffs. Nor does it allege that law enforcement officers discriminated against them because of their membership in a protected class. As such, Plaintiffs have failed to state a plausible claim for relief under 42 U.S.C. § 1985(2).

The same is true with respect to any claims arising under 42 U.S.C. § 1986. That statute provides, in relevant part, as follows:

> Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented; and such damages may be

recovered in an action on the case; and any number of persons guilty of such wrongful neglect or refusal may be joined as defendants in the action.

42 U.S.C. § 1986.

A § 1986 claim is dependent on a viable § 1985 claim. *Amadasu v. The Christ Hosp.*, 514 F.3d 504, 507 (6th Cir. 2008). Given the Court's finding that Plaintiffs have failed to state a plausible § 1985 claim, their § 1986 claim is also subject to dismissal. The Court therefore concludes that Count IV of the Amended Complaint fails to state a plausible claim for relief, and must be DISMISSED WITHOUT PREJUDICE.


## V.    Conclusion

For the reasons explained above, the Court ADOPTS IN PART and REJECTS IN PART Magistrate Judge Newman's Report and Recommendations, Doc. #12, and SUSTAINS IN PART and OVERRULES IN PART Plaintiffs' Objections thereto, Docs. ##13, 16, 17, 18.

As to Count I of the Amended Complaint (the § 1983 claims brought against Defendants in their individual capacities), all claims of abuse of process are DISMISSED WITH PREJUDICE. The malicious prosecution claims brought by Plaintiffs Alyshia Cook, Shaqueeta Terrell and Quiana Boyce are DISMISSED WITH PREJUDICE. The malicious prosecution claim brought by Plaintiff Ramon Boyce is DISMISSED WITHOUT PREJUDICE. The § 1983 claims alleging Fourth Amendment violations stemming from the traffic stops dated February 28, 2017,

June 21, 2017, and July 4, 2017, survive the initial review. Plaintiffs' procedural due process claims are DISMISSED WITHOUT PREJUDICE, as are the individual-capacity claims brought against Sheriff Burchett and Deputy Melchi.

Count II of the Amended Complaint, alleging claims of municipal liability and claims brought against Defendants in their official capacities, are DISMISSED WITHOUT PREJUDICE, as are Counts III and IV of the Amended Complaint, alleging conspiracy claims under 42 U.S.C. §§ 1983, 1985 and 1986.

The Court DIRECTS the Clerk of Court to mail applications for leave to proceed *in forma pauperis* to Plaintiffs Alyshia Cook, Shaqueeta Terrell, and Quiana Boyce, along with a copy of this Decision and Entry. Within 21 days from the date of this Decision and Entry, those three Plaintiffs must either return those completed applications or pay the filing fee. Failure to do so may result in the dismissal of their claims.

Within 45 days of the date of this Decision and Entry, Plaintiffs may seek leave to file a Second Amended Complaint to cure the pleading deficiencies discussed herein, but only if they can do so within the bounds of Fed. R. Civ. P. 11. Plaintiffs must attach a copy of their proposed Second Amended Complaint to any motion for leave to file.[9]

---

[9] Plaintiffs are reminded that, because they are not attorneys and cannot represent anyone other than themselves, they must *all* sign any document filed with the Court.

No service of process shall be issued to any Defendant until the Court so orders.

Date: April 28, 2021

WALTER H. RICE
UNITED STATES DISTRICT JUDGE